# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RUPINDAR DHILLON, | |
| Plaintiff, | Civil Action No. 18-352 (BAH) |
| v. | Chief Judge Beryl A. Howell |
| MICHAEL POMPEO, Secretary of State, *et al.*, | |
| Defendants. | |

## MEMORANDUM AND ORDER

*Pro se* plaintiff, Rupindar Dhillon, initiated this action on February 14, 2018, asking the court to enjoin the defendants—the Department of State, Michael Pompeo, and lower-level State Department employees—from issuing a passport to the plaintiff's minor daughter, referred to here as A.D. *See* Compl. ¶ 7–11, 41, ECF No. 1. Although, at first, the plaintiff actively prosecuted her case, the plaintiff's last participation in this matter occurred on November 20, 2018, when she consented to a motion for an extension of time that the defendants filed. *See* Defs.' Consent Mot. Extension of Time, ECF No. 19. Since then, the plaintiff has failed to respond to the defendants' motion to dismiss her amended complaint and to two court orders. Consequently, this action is dismissed for failure to prosecute.

According to plaintiff's first complaint, the State Department notified the plaintiff on April 24, 2017 that A.D.'s father, with whom the plaintiff had fought for custody of A.D., had applied for a passport for A.D., allegedly in violation of existing custody orders. Compl. ¶¶ 12–13, 18–40. The complaint, which asked the Court to enjoin issuance of the passport, was filed simultaneously with a motion for a temporary restraining order to enjoin the defendants from issuing a passport to A.D. *See* Pl.'s Mot. TRO, ECF No. 2.

The case was assigned to the undersigned judge on February 20, 2018 and, on February 23, 2018, the Court held a hearing on the plaintiff's motion for a temporary restraining order. At the hearing, the defendants submitted a declaration attesting that the only passport application for A.D. had been denied in December 2017 and no application was pending. *See* Feb. 23, 2018 Hrg. Ex. 1, Decl. of Dep't of State ¶ 3, ECF No. 3-1. The notification of A.D.'s pending passport application had been an error. *Id.* ¶ 4. Thus, the plaintiff's motion for a temporary restraining order was denied as moot. *See* Min. Order (Feb. 23, 2018). The defendants were ordered to "notify the Court and the plaintiff 14 days prior to the issuance of any passport to the minor at issue." *Id.*

Next, in July 2018, the defendants moved to dismiss the plaintiff's complaint. *See* Mot. Dismiss Compl., ECF No. 9. On August 15, 2018, the Court issued an Order advising the plaintiff of her obligations under the Federal Rules of Civil Procedure and this Court's Local Civil Rules, and directing the plaintiff to file an opposition to the defendants' motion by September 15, 2018. *See* Order at 1–2, ECF No. 10 (citing *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992), and *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988)). That order was mailed to the plaintiff's address of record. Three days before the September 15, 2018 deadline, the plaintiff requested an extension, until October 15, 2018, to respond to the defendants' motion to dismiss. *See* Pl.'s Mot. Extension of Time, ECF No. 11. The plaintiff's motion was granted. Min. Order (Sept. 14, 2018). A copy of that order was mailed to the plaintiff's address of record but was returned as undeliverable a month later. Notice of Undeliverable Mail (Oct. 15, 2018), ECF No. 21.

Despite having not received the Court's order granting the extension, on October 15, 2018, the plaintiff filed two motions: (1) a Motion to Appoint a Guardian Ad Litem, ECF No. 12

and (2) a Motion for Leave to File an Amended Complaint, ECF No. 13.  Those two motions included in the signature block an address for the plaintiff different from the prior address of record, prompting the Court to update the plaintiff's address of record.  Then, on October 18, 2018, the Court re-sent the September 14, 2018 minute order granting the motion for an extension of time to the new address of record, along with a copy of Local Civil Rule 5.1(c)(1) regarding notifying the Court of a change of address.

On November 5, 2018, the defendants responded to the plaintiff's two motions, opposing the motion to appoint a guardian at litem, *see* Defs.' Opp'n Pl.'s Mot. Guardian Ad Litem, ECF No. 17, but raising no objection to the plaintiff's motion for leave to file an amended complaint, Defs.' Response Pl.'s Mot. Leave, ECF No. 18.  Thus, on November 6, 2018, the plaintiff's Amended Complaint was docketed, *see.* Am. Compl., ECF No. 20, and the defendants' motion to dismiss the initial complaint was denied as moot, *see* Min. Order (Nov. 6, 2018).

The Amended Complaint re-raises claims related to the issuance of a passport to the A.D., Am. Compl. ¶¶ 52–56, as well as new claims against a State Department employee for submitting a declaration for the February 23, 2018 hearing, *id.* ¶ 36, and related to custody of A.D., *see id.* ¶¶ 57–85.  The defendants filed a motion to dismiss that complaint too.  *See* Mot. Dismiss Am. Compl., ECF No. 25.  As noted in the defendants' motion to dismiss, A.D. still does not have a pending passport application.  *Id.* at 9.

On January 22, 2019, the Court issued another Order advising the plaintiff of her obligations under the Federal Rules of Civil Procedure and this Court's Local Civil Rules, and directing the plaintiff to file an opposition to the defendants' motion to dismiss by February 22, 2019.  *See* Order at 1–2, ECF No. 26 (citing *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992), and *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988)).  That Order was mailed to the

plaintiff's updated address of record.[1]  Nearly three weeks after the February 22, 2019 deadline, the Court directed the plaintiff to show cause, by March 28, 2019, why this case should not be dismissed for failure to prosecute.  Min. Order (Mar. 14, 2019).  That order was mailed to the plaintiff's updated address of record.

The plaintiff has been absent from this litigation since November 2018 and has failed to respond to the defendants' motion to dismiss despite two Orders from the Court advising her of the need to do so.  Consequently, *sua sponte* dismissal is warranted.  Indeed, "[a] dismissal for failure to prosecute may be ordered . . . upon the Court's own motion," LCvR 83.23, when a party fails "to comply with court orders designed to ensure orderly prosecution of the case," *Bristol Petroleum Corp. v. Harris*, 901 F.2d 165, 167 (D.C. Cir. 1990).  Accordingly, it is hereby

**ORDERED** that this case is **DISMISSED** without prejudice; and it is further

**ORDERED** that the plaintiff's Motion to Appoint a Guardian Ad Litem, ECF No. 12, is **DENIED** as moot; and it is further

**ORDERED** that the defendants' Motion to Dismiss the Amended Complaint, ECF No. 25, is **DENIED** as moot; and it is further

**ORDERED** that the Clerk of the Court is directed to close this case.

**SO ORDERED.**

Date: April 1, 2019

_____
BERYL A. HOWELL
Chief Judge

---

[1] The Order also was mailed to the plaintiff's initial address of record.  The copy mailed to the initial address was returned undelivered.  *See* Notice of Undeliverable Mail (Feb. 25, 2019), ECF No. 27.